FRANK S. KELLEY, PLAINTIFF AND RESPONDENT, v. FAIT-OUTE IRON AND STEEL COMPANY, A CORPORATION, DEFENDANT AND APPELLANT.

Submitted March 22, 1915—Decided June 14, 1915.

1. In an action where several counter-claims are filed by the defendant, any one of them may be stricken out which the court finds cannot be conveniently tried with the other causes of action joined in the same suit.

2. When it does not affirmatively appear upon what ground an order striking out a counter-claim was made, and there is no finding of the court below, on appeal all facts necessary to support the order will be presumed to have been found in favor of the prevailing party, and the order will be sustained if there is any ground disclosed by the record upon which the order could properly have been made.

3. Where a defendant in one of several counter-claims sought to recover against the plaintiff, who was suing on a contract, an affirmative judgment for unliquidated damages for a tort committed by the plaintiff's assignor, and thereby raised an issue which was separate and distinct from those raised by the plaintiff's claim and the defendant's other counter-claims, the court may strike out the counter-claim as not being convenient to try with other causes of action joined in the same suit.

4. Plaintiff, an English manufacturer, contracted in writing with the defendant, of Newark, as follows: Defendant was to have the sole agency in the United States for the sale of plaintiff's goods; plaintiff was to consign goods to the defendant "f. o. b. New York, duty paid;" the goods were to remain the property of the plaintiff until sold; defendant was to remit monthly for the stock sold at prices mentioned in the contract (less a discount of five per cent.) plus the net amount of duties paid by the plaintiff; either party might terminate the contract on six months' notice in writing. The contract was so terminated. The plaintiff sued to recover amount due for goods sold. *Held*, that under the contract the defendant was not entitled to counter-claim for transportation charges from New York to Newark or for handling charges at the latter place.

On appeal from the Supreme Court.

For the appellant, *M. Casewell Heine.*

For the respondent, *Lum, Tamblyn & Colyer.*

The opinion of the court was delivered by

TRENCHARD, J.    On October 3d, 1911, William Atkins & Company, Limited, of Sheffield, England, made a contract with the defendant company in which they referred to the latter as "agent" and gave it the sole agency for the sale of Atkins & Company's steel in the United States, and further agreed to consign to the defendant certain shipments of steel,

to remain the property of Atkins & Company until sold by the defendant.

The defendant company acted as such agent until October 3d, 1913, when the contract was terminated by reason of Atkins & Company having given to the defendant company six months' notice of its termination pursuant to the terms thereof. .

Thereupon a suit in replevin was brought by Atkins & Company to recover possession of the unsold steel, although apparently, the defendant company did not dispute their right to it.

Subsequently Atkins & Company assigned to the present plaintiff their claim for the $614.38 alleged to be due them for steel that had been sold, and this suit was brought therefor.

The defendant counter-claimed against the plaintiff—*first,* for the allowance, as provided for in the contract, of the value of certain steel returned by customers as defective; *secondly,* for the value of certain services rendered in and about the return of certain steel to the plaintiff's assignor, and at its request; *thirdly,* for cartage and freight charges paid by the defendant in the transportation of unsold steel from the steamship pier in New York to the defendant's place of business in Newark and for handling charges at the latter place; *fourthly,* for damages claimed to have been done to the defendant company by reason of the alleged malicious abuse of process in suing out the writ of replevin and in the proceedings thereunder.

On motion before trial, Mr. Justice Kalisch struck out the fourth counter-claim. The defendant, at the trial, admitted the amount due on the claim of the plaintiff, leaving only the issue as to what sum, if any, the defendant was entitled to upon the counter-claim filed by it.

The jury in a special verdict found in favor of the defendant under the first counter-claim, allowing $91.04, and the sum of $5 under the second counter-claim. The trial judge held that the defendant could not recover for the items in-

cluded in the third counter-claim, as not having been contemplated by the contract entered into between the defendant and the plaintiff's assignor, and ordered judgment in favor of the plaintiff and against the defendant for the sum of $561.34, that sum being inclusive of interest.

·The defendant appeals and the questions raised will now be considered.

It is first contended that there should be a reversal because the fourth counter-claim was stricken out. We think not.

As stated, it was for damages claimed to have been done to the defendant company by reason of the alleged malicious abuse of process in suing out the writ of replevin and in the proceedings thereunder.

In the view we take of this phase of the case, we have not found it necessary at present to determine whether in this state such an action will lie, nor whether the facts averred in the fourth counter-claim constitute such a right of action. We think the claim was properly stricken out for other reasons which we will now state.

Section 12 of the Practice act (*Pamph. L.* 1912, *p.* 379), provides that: "Subject to rules, the defendant may counter-claim or set off *any cause of action.* He may, and when required by the court shall, issue summons against any third party necessary to be brought in; but, in the discretion of the court, separate trials may be ordered, or *if the counter-claim cannot be conveniently disposed of in the pending action, the court may strike it out.*"

Rule 66 of the Supreme Court (*ed.* 1913) provides that: "*A counter-claim is deemed to be a cross-action,* and the rules respecting the form and manner of pleading the complaint, apply to the counter-claim." Rule 21 (*f*) provides that: "*The court may strike out causes of action which cannot be conveniently tried with other causes of action joined in the same suit.*"

It follows, therefore, that in an action where, as here, several counter-claims are filed by the defendant, any one of

them may be stricken out which the court finds cannot be conveniently tried with the other causes of action joined in the same suit.

The motion to strike out this counter-claim seems to have been put by counsel upon the ground that it did not state a cause of action. But it does not affirmatively appear upon what ground the order striking it out was made, and there was no finding by the court below. In such case all facts necessary to support the order will be presumed to have been found in favor of the prevailing party, and it is our duty to sustain the court below, if there is any ground disclosed by the record upon which the order could properly have been made.

We think there was such ground. As we have shown, the defendant in this counter-claim sought to recover against the plaintiff, who was suing on a contract, an affirmative judgment for unliquidated damages for a tort committed by the plaintiff's assignor, and thereby raised an issue which was separate and distinct from those raised by the plaintiff's claim and the defendant's other counter-claims. In that situation the court might very properly find, and we will assume did find, that it could not be conveniently tried with the other causes of action in the same suit. The judgment, therefore, will not be reversed upon that ground.

Having reached that conclusion it is unnecessary for us here to determine whether under the Practice act (1912), section 12, it would be permissible to counter-claim damages in tort in an action on contract. The source of that section is order 19, rule 3 of the English rules, and the phraseology is much the same. The English courts seem to have held that it is permissible under their rules to counter-claim damages in tort in an action on contract or *vice versa*. *Strooke* v. *Taylor*, 5 Q. B. D. 569; *Beddall* v. *Maitland*, 17 Ch. Div. 174, 181; *Lumley* v. *Brooks*, 41 Id. 323. It may be that we should and would follow them in a proper case. But that question we ought not now to determine because it is not essential to the decision of the case in hand.

We are also of the opinion that the trial judge did not err in holding that the defendant could not recover for the items included in the third counter-claim.

These items were for charges paid by the defendant for freight in transporting steel from New York to the defendant's place of business in Newark, and for handling charges at the latter place, which steel remained unsold.

The defendant's right to recover turns upon the construction of the contract between the parties. The contract provided that Atkins & Company were to consign certain shipments of steel to the defendant "f. o. b. New York, duty paid," and the defendant was to remit monthly "for the stock sold at the rates and prices mentioned in the said schedule (less a discount of five per cent.) plus the net amount of duties paid" by Atkins & Company, and further provided that "either party may terminate this agreement at any time on giving to the other six calendar months' notice in writing." No limitation was placed upon the prices at which or the places where the defendant was to sell the steel. It could sell at any price or at any place in the United States.

We think the rights and liabilities of the parties were made quite clear by the plain language of the contract. The defendant was bound to remit monthly for the goods sold at the prices stated in the contract, less five per cent., plus the duties paid by Atkins & Company. This was quite definite, and does not warrant, but indeed excludes, a claim for transportation charges from New York to Newark and handling charges at the latter place. The fact that a part of the stock remained unsold on the termination of the contract can make no difference. It cannot be said that the defendant suffered injustice in having no chance to get back such expenses. The very object of the provision for six months' notice of the termination of the contract was to enable the defendant to dispose of the stock and thereby avoid such injustice. The action of the trial judge in overruling the third counter-claim and the evidence offered in support thereof was proper.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-
RISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN,
BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER,
JJ.   13.

*For reversal*—None.